IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
02/27/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

MAYOM POUL BOJ,

Petitioner,

v.

SAMUEL OLSON, ICE Field Office Director;
KRISTI NOEM, Secretary of Homeland Security;
TODD LYONS, Acting Director, ICE;
PAM BONDI, Attorney General; and
C. CARTER, Warden, FCI-Leavenworth,

Respondents.

Case No. 26-3009-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. The petition is granted with respect to petitioner's request for release; respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **March 9, 2026**, and shall provide notice to this Court when that release is effected. The motion is denied with respect to any other relief requested.

Petitioner is a native of Sudan. Petitioner was admitted to the United States in 2002 as a refugee, and he became a lawful permanent resident in 2005. Petitioner was convicted of crimes in Indiana state court in 2011 and 2013, and in 2015 immigration officials detained petitioner and initiated removal proceedings. On July 6, 2015, an immigration

judge ordered petitioner's removal but granted his application for deferral of removal, with the result that petitioner could not be removed to Sudan but may only be removed to an alternative third country. Petitioner was released on an Order of Supervision (OSUP) the following day. Petitioner was convicted of additional crimes in 2021 and 2023, and immigration officials took petitioner into custody on May 20, 2024. Officials moved to reopen removal proceedings, arguing that petitioner was no longer eligible for the relief he had received, and in November 2024, the immigration judge granted the motion. Petitioner filed a new application for relief, and on May 16, 2025, the immigration judge ordered removal but granted deferral of removal to Sudan. Petitioner is presently detained within this judicial district. On January 15, 2026, petitioner filed the instant habeas action; respondents have filed a response to the petition, petitioner has filed a reply brief,[1] and the matter is therefore ripe for ruling.

Petitioner first claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory

---

[1] The petition conveys a sense of urgency in seeking relief, given petitioner's long detention, as shown by its request for expedited briefing and for a hearing "at the earliest practicable opportunity." The Court is therefore surprised and somewhat dismayed at the fact that petitioner's counsel did not file a traverse until after business hours on the date of the reply deadline, three weeks after respondents filed their answer – especially given this Court's demonstrated willingness (as noted in the traverse) to order release in cases involving similar facts.

and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). Petitioner's removal period began on May 16, 2025, the date his removal order was issued and became final (as all parties had waived appeal). *See id.* § 1231(a)(1)(B)(i). Specifically, petitioner claims that, after more than six months since the beginning of the removal period, his detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .

> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." More than nine months have passed since the start of the removal period, a significant period of time beyond the six-month period deemed presumptively reasonable by the

Supreme Court. Moreover, officials failed in their initial attempts to remove petitioner to an alternative third country, as neither Guatemala nor El Salvador agreed to accept petitioner after being contacted in May 2025. Officials have more recently indicated an intent to seek removal to South Sudan, but petitioner asserts that he will oppose such removal based on a credible fear of persecution in that country.

The Court further finds that respondents have not rebutted that showing. According to a declaration submitted by respondents, on November 22, 2025, a local official determined that a travel document request could be submitted to South Sudan because petitioner's parents were born in that country's territory. The declarant does not explain why that determination had not been made previously in the 18 months since petitioner was taken into custody, however, or why local officials did not submit a request for review by national officials until petitioner filed this case nearly two months later. The request had still not been sent to South Sudan as of the date of the declaration, which has not been supplemented (and the declarant has not explained that delay or indicated when the request will be made).[2] Neither respondents nor the declarant has offered any analysis or basis to believe that South Sudan will respond in the near future and accept petitioner's removal there. In addition, respondents have failed to address petitioner's claim that officials have not responded to petitioner's request (through counsel) for a reasonable-fear interview with respect to South Sudan; thus, respondents have not shown that, even if South Sudan agrees

[2] The declarant states that national officials approved the request within one day of its submission by local officials.

to accept petitioner, petitioner will not succeed in his application for relief from removal to that country.[3]

In sum, respondents have not shown a significant likelihood that, even though officials have failed to remove petitioner to a third country in over nine months since the removal order became final, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700. The petition is granted to that extent, and respondents are ordered to effect petitioner's release by **March 9, 2026**.

Petitioner also asserts a claim for declaratory and injunctive relief requiring certain process before petitioner is removed to a third country. The Court declines to order any such relief, and it therefore denies the petition to the extent that petitioner seeks relief other than his release from custody. As the Court has explained in other cases (which petitioner has failed to address), the Court declines to impose or recognize requirements for third-country removal in light of petitioner's membership in a class certified in another case in which similar relief has been requested. *See Manago v. Carter*, 2025 WL 2576755, at *2-3 (D. Kan. Sept. 5, 2025) (Lungstrum, J.) (citing *D.V.D. v. United States Dept. of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass.), *appeal filed* (1st Cir. Apr. 22, 2025), *stay granted*, 145 S. Ct. 2153 (June 23, 2025)); *Rustami v. Noem*, 2025 WL 3760744, at *3 (D. Kan.

[3] In recent cases, this Court has decried the absence of such analysis or explanation despite the Court's repeated complaints to that effect. *See, e.g.*, *Hassan v. Welsh*, 2026 WL 21234, at *3 (D. Kan. Jan. 5, 2026) (Lungstrum, J.).

Dec. 30, 2025) (Lungstrum, J.) (citing *Manago*). In addition, the Court is not persuaded that petitioner has been and will be unable to challenge removal to South Sudan.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. The petition is granted with respect to petitioner's request for release; respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **March 9, 2026**, and shall provide notice to this Court when that release is effected. The motion is denied with respect to any other relief requested.

IT IS SO ORDERED.

Dated this 27th day of February, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge